```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
                      NORTHERN DIVISION
                        AT COVINGTON
```

**CIVIL ACTION NO. 2011-48 (WOB-CJS)**

**J. BASIL MATTINGLY, ET AL.**                              **PLAINTIFFS**

VS.                       MEMORANDUM
                     <u>OPINION AND ORDER</u>

**CHARTIS CLAIMS, INC.,**
**ET AL.**                                                  **DEFENDANTS**

This matter is before the court on defendants' motion to dismiss (Doc. 5) and plaintiffs' motion to remand (Doc. 22).

The court heard oral argument on these motions on Thursday, September 15, 2011. David Johanson represented the plaintiffs, and Scott Brown and Michael Nitardy represented the defendants. Official court reporter Joan Averdick recorded the proceedings.

*Background*

Directech Holding Co., Inc. ("Directech"), a Delaware corporation, maintained certain employee benefit plans for its employees. Plaintiff J. Basil Mattingly ("Mattingly") was a fiduciary of some of these plans. Mattingly also is a principal in Bas Mattingly Master, LLC ("the LLC") and

the grantor of the J. Basil Mattingly Family Trust ("the Trust").

Directech purchased four separate employee benefit plan and ERISA fiduciary liability insurance policies from defendant National Union Fire Ins. Co. of Pittsburgh, PA ("National Union") covering the period from July 15, 2005 to December 31, 2009. The named insured on the policies is "Directech Holding Co., Inc."

Defendant Chartis Claims, Inc. ("Chartis") is a claims adjuster for National Union. (Compl. ¶ 8) The exact nature of the relationship between Chartis and National Union is unclear on the present record.

In March 2009, the Department of Labor ("DOL") notified Mattingly of an investigation by the agency into certain stock transactions between the Directech employee benefit plans and entities in which Mattingly and other plan fiduciaries held interests. The DOL alleged that these transactions violated ERISA in numerous respects.

Plaintiffs notified defendants of this investigation and demanded that defendants provide a complete defense and indemnity. In April 2009, defendants sent a letter to Mattingly identifying Stoll Keenon Ogden, PLLC as counsel appointed by the insurer. Plaintiffs allege that

defendants refused to allow plaintiffs to employ independent counsel of their choosing.

On December 4, 2009, the Secretary of Labor filed suit under ERISA in this court against Mattingly, the LLC, the Trust, and other defendants. *Solis v. Mattingly*, Cov. Civil Case No. 09-CV-207. The case was subsequently settled.

On February 4, 2011, plaintiffs filed suit against defendants in the Mason County Circuit Court. Plaintiffs alleged, inter alia, that defendants breached plaintiff J. Basil Mattingly's insurance contract with National Union by allegedly failing to allow plaintiff to employ counsel of plaintiffs' choosing in the *Solis* matter and by failing to provide a complete defense and indemnification. Plaintiffs alleged claims for (1) breach of contract; (2) common law and institutional bad faith; (3) violation of the Kentucky Unfair Claims Settlement Practices Act; (4) Independent Counsel; and (5) Declaration of Rights.

Defendants removed this case on March 11, 2011, on the basis of diversity jurisdiction. (Doc. 1) Although noting that Chartis, the trustee of plaintiff Mattingly Family Dynasty Trust, and Bas Mattingly Master LLC are all Delaware citizens, defendants asserted that Chartis was

3

fraudulently joined and that its citizenship thus should not be considered.

Shortly thereafter, defendants filed a motion to dismiss Chartis from the case. (Doc. 5) That motion also seeks to dismiss the LLC and the Trust as plaintiffs on the grounds that they are not insureds under the insurance policy in question. Plaintiffs then filed a motion to remand, arguing that Chartis was not fraudulently joined and that diversity is thus lacking. (Doc. 22)

For the reasons that follow, the court concludes that this matter must be remanded to state court.

### *Analysis*

To determine whether Chartis was fraudulently joined, the court must ascertain whether plaintiffs have a colorable cause of action against Chartis. *Saginaw Housing Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citation omitted); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). If the removing party does not demonstrate fraudulent joinder, the district court must remand back to state court based on the lack of subject matter jurisdiction. *Bannum*, 576 F.3d at 624.

In determining whether the plaintiff has stated a colorable cause of action against the non-diverse defendant, any disputed questions of facts and ambiguities

in the controlling state law should be resolved in favor of the nonremoving party. *Coyne*, 183 F.3d at 493.

Plaintiffs assert bad faith claims against Chartis under both the common law and KRS 304.12-230, the Unfair Claims Settlement Practices Act ("UCSPA"). As a sister court noted recently, courts in this district "have come down on both sides of the debate" about whether an insured can assert bad faith claims such as these against claims adjusters with whom they have no privity of contract. *North Am. Specialty Ins. Co. v. Pucek*, No. 5:09cv49-JMH, 2009 WL 3711261, at *3 (E.D. Ky. Nov. 4, 2009). The court there held that such "ambiguity in Kentucky's bad faith law" must be resolved in favor of the non-removing party, stating that while the claim "may not ultimately prove successful, it is at least colorable." *Id.*

Another court in this district conducted an extensive analysis of this issue in *Gibson*, *supra*. Prefacing its discussion, the court stated:

> Kentucky law is ambiguous as to whether such [bad faith] claims can be asserted against individual claims adjusters . . . Both sides of the debate can point to authority in support of their position. Such ambiguity clearly calls for remand because ambiguities in the applicable state law are to be resolved in favor of the non-removing party. . . . **Stated differently, the ambiguities in Kentucky law provide the plaintiffs with an arguably reasonable basis for predicting that they could prevail on their bad faith claims against Clevinger and Stanley.**

5

> **Therefore, these claims are colorable, and the joinder of Clevinger and Stanley was not fraudulent.**

*Gibson*, 2008 WL 4602747, at *6 (citation omitted).

As noted in *Gibson*, federal courts in Kentucky have reached different results on this question, and no Kentucky appellate court appears to have addressed whether claim adjusters can be held liable for bad faith claims. *Id.* at *8. The *Gibson* court noted, however, that at least one Kentucky Circuit Court has indicated that such claims are "viable." *Id.*

Moreover, another sister court also recently noted that a different Kentucky Circuit Court held that a claims adjuster could be held liable for bad faith under the USCPA. *See Elliott v. Liberty Mut. Fire Ins. Co.*, No. 09-178-GFVT, 2010 WL 3294417, at *1 n. 1 (E.D. Ky. Aug. 19, 2010) (citing a 2009 case from Pulaski County Circuit Court).

The law is well-established that the burden of establishing fraudulent joinder is indeed a heavy one. Thus the leading treatise on the subject of federal procedure observes: "To demonstrate fraudulent joinder . . ., a party must demonstrate . . . the absence of *any possibility* that the opposing party has stated a claim under state law against the party alleged to have been

fraudulently joined." 16 James Wm. Moore, *Moore's Federal Practice* § 107.14[2][c][iv][A] (3d ed. 2011) (emphasis added).

A claim of fraudulent joinder must be pleaded with particularity and supported by clear and convincing evidence. *Id.* As noted in *Moore's Federal Practice*:

> When a party seeking removal alleges fraudulent joinder, the removing party bears the burden of proving the alleged fraud. The burden of persuasion placed on the party alleging fraudulent joinder is substantial. . . .
>
> The standard requiring that the removing party show that the plaintiff cannot establish a claim against the allegedly fraudulently joined party, even after resolving all issues of law and fact in the plaintiff's favor, is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss. However, the scope of the inquiry is different for Rule 12(b)(6) motions, where a court may consider only the allegations in the complaint and attachments. In ruling on fraudulent joinder a court may pierce the pleadings.
>
> . . . [T]he sole concern is whether, as a matter of law, the plaintiff has alleged a valid state law cause of action against the nondiverse defendant. Stated differently, the court must determine whether there is any reasonable basis for predicting that the plaintiff might be able to establish the nondiverse defendant's liability on the pleaded claims in state court. *Thus, in a fraudulent joinder inquiry, federal courts do not weigh the merits of the plaintiff's claim beyond determining whether the claim is arguable under state law*. Further, the motive of the plaintiff in joining the challenged party is immaterial to the determination of whether the plaintiff has a state law cause of action against the party.

> It is important that courts impose a heavy burden on defendants who remove on the basis of fraudulent joinder because the practice of routinely removing cases to federal court by making borderline arguments of fraudulent joinder imposes tremendous costs on plaintiffs and the court system.

*Id.* § 107.149[2][c][iv][B] (emphasis added).

In the present case, the plaintiffs in effect allege a conspiracy or joint effort between the defendants to defeat coverage under the policy, including denying plaintiffs the right to employ independent counsel and otherwise acting in bad faith. This court cannot say, based on the above authorities, that there is no possibility that under such facts, if proven, plaintiffs could not recover against both defendants. Therefore, defendants cannot meet their burden of demonstrating fraudulent joinder.

Finally, for the reasons stated on the record at the hearing, defendants cannot demonstrate at this stage of the proceedings that the Trust and LLC are not proper plaintiffs, and thus their citizenship remains relevant. Because they are Delaware citizens, as is Chartis, remand is required.

Therefore, having heard the parties, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that:

(1) Plaintiffs' motion to remand (Doc. 22) be, and is hereby, **GRANTED**. This matter is **REMANDED TO THE MASON CIRCUIT COURT**; and

(2) Defendants' motion to dismiss (Doc. 5) be, and is hereby, **DENIED**.

This 20th day of September, 2011.



Signed By:
William O. Bertelsman  WOB
United States District Judge

TIC: 34 min.